IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THADDEUS DONALDSON | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. RWT-09-1124 |
| STATE OF MARYLAND | * | |
| SGT. J. ZARGER | | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM OPINION**

I. PROCEDURAL HISTORY

Plaintiff filed this 42 U.S.C. § 1983 civil rights complaint for damages, complaining that on an unspecified date Defendant Zarger, a Sargeant at the North Branch Correctional Institution ("NBCI"), placed him on a special management meal ("food loaf") without penological justification and knowingly deprived him of his medically prescribed 2400 calorie medical diet for five days. (Paper No. 1 at 4). He further claims that he suffered chest pain due to the denial of his medical diet.

On December 14, 2009, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which shall be treated as a summary judgment motion. (Paper No. 14). Plaintiff was properly served with this Motion and provided notice of the dispositive pleading by this Court. (Paper No. 15). Nonetheless, no opposition has been filed. The matter is ready for the undersigned's consideration and may be determined without oral hearing. See Local Rule 105.6 (D. Md. 2009).

II.   STANDARD OF REVIEW

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P.

1

56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists, however, if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. See Celotex, 477 U.S. at 322-323. Therefore, on those issues for which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

III.   DISCUSSION

   1. Facts

There is no dispute that on October 12, 2008, Plaintiff became belligerent and refused to come to his NBCI cell door to be handcuffed so that his cell could be searched. (Paper No. 14, Ex. 1 at Zarger Decl.). He was issued an adjustment ticket and Zarger recommended that Plaintiff be considered for assignment ro "Staff Alert" status due to his refusal to submit to a cell search and because he posed a "substantial security threat" to the institution. The recommendation was approved. On October 21, 2008, Plaintiff was found guilty of violating rules 400 and 405 (refusing a direct order and disrespect to staff) and received consecutive 90-day segregation terms. (Id., Ex. 2). On October 22, 2008, Lieutenant Werner recommended that Plaintiff be removed from Staff Alert status. This recommendation was approved by Chief of Security K. Daniel Northcraft.

In response to the October 12, 2008 incident, Plaintiff was also assigned to food loaf for five days. (Id.). Defendants state that at no point has Plaintiff ever filed a sick-call encounter form complaining of chest pains or other medical problems from being placed on the food loaf.[1] (Id., Ex.

---

[1] Plaintiff did file sick-call requests complaining of chest pains approximately one to two weeks before and nine to ten months after the October 12, 2008 incident and his placement on the special

3 at Skidmore Decl.).  They further maintain that the food loaf meets the requirements of a high calorie diet and is nutritionally sufficient to serve to an inmate.  (Id., Ex. 4 at Kammauf Decl.). Defendants additionally present Plaintiff's medical records from August 1, 2008 and October 24, 2008 to show that there were no changes in Plaintiff's medical condition or weight as a result of his brief placement on food loaf.[2]  (Paper No. 14, Ex. 5).

Defendants seemingly argue that Plaintiff has failed to show a constitutional deprivation as his placement on food loaf was not arbitrarily or knowingly made in disregard to his health and he did not suffer an injury from the special management plan.  They further claims that Plaintiff failed to properly exhaust his administrative remedies as he filed an untimely appeal of his institutional remedy to the Inmate Grievance Office.[3]  (Id., Ex. 6).

2. Legal Analysis

"[I]nmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (citations omitted).  This Court has repeatedly held that placement on the special management meal plan does not constitute cruel and unusual punishment and does not, in the absence of showing any adverse health effects, constitute an atypical and significant hardship as to deprive an inmate of a due process liberty interest. See Chase v. Warden, 2009 WL 2426247 (D. Md. 2009); Doucett v. Warden, MCAC, 2001 WL 604187 (D. Md. May 31, 2001); see also Cunningham v. Jones, 567 F.2d 653, 656 (6th Cir.

---

management meal.  Paper No. 14, Ex. 3 at pgs. 6, 9-10, & 31-32.

[2] On October 24, 2008, Plaintiff's physical exam showed a net weight gain of five pounds. Paper No. 14, Ex. 5 at pg. 14.

[3] The record shows that Plaintiff filed remedies at the institutional and headquarters levels and, according to the Executive Director of the IGO, also filed an appeal grievance.  Paper No. 14, Exs. 2 & 6.

1977); Adams v. Kincheloe, 743 F. Supp. 1385, 1390-92 (E.D. Wash. 1990); United States v. Michigan, 680 F. Supp. 270, 274-77 (W.D. Mich. 1988); Boyle v. Lay, 2009 WL 4884222 (E. D. Ark. 2009) (no Eighth Amendment claim where prisoner fails to allege he was deprived of adequate amounts of food or that he became ill or suffered any physical injury attributable to the food loaf diet). While prison meals in general and special management meals in particular are without question "by no means a culinary delight," Adams, 743 F.Supp. at 1391, in the absence of any adverse health effects they are not a significant and atypical hardship.

Plaintiff has failed to sustain his burden of showing that his health was adversely affected by his placement on the food loaf special management meal. Unopposed declarations provided by Defendants show that the food loaf meets the requirements of a high calorie diet and Plaintiff did not file any sick-call requests raising medical concerns regarding the meal. Further, the medical record establishes no complains of chest pain during or immediately after the October 2008 placement on food loaf. That Plaintiff found the food loaf unappetizing or dislikeable does not mean it was constitutionally inadequate. Therefore, the motion for summary judgment shall be granted.

IV.   CONCLUSION

For the aforementioned reasons, Defendants' Motions for Summary Judgment is hereby granted. Judgment is entered in favor of Defendants and against Plaintiff. A separate Order shall follow.

Date:  January 28, 2010                                /s/
                                          ROGER W. TITUS
                                     UNITED STATES DISTRICT JUDGE